UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CLARENCE BERNARD WILLIAMSON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 10-CV-3325 |
| WILLIAM TWADDELL and RICHARD YOUNG, | ) ) ) ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently incarcerated in Western Illinois Correctional Center, pursues claims arising from the alleged denial of his right to change and practice his religion. The case is currently in the process of discovery, with discovery set to close on November 30, 2011.

In July, 2011, Plaintiff filed two motions for preliminary injunction, seeking an order requiring Defendants to provide him Kosher meals. (d/e's 17, ). He asserted that he was fed a vegan meal, rather

1

than a Kosher meal, during Passover and the unleavened bread feast. He alleges that he has to trade commissary items in order to obtain "clean foods" and foods stamped with a circled "U," which apparently means the foods were prepared without chemically-modified pork gelatin. He also seems to assert that the commissary does not provide enough Kosher items, which he allegedly needs to supplement his diet. Plaintiff asked the Court to order a Kosher diet for Plaintiff, order that Plaintiff's religion be changed to Messianic, and order Defendant Twaddell to accommodate Plaintiff's religious requests.

On August 25, 2011, Judge Baker denied the motions for preliminary injunction on the grounds that Plaintiff had not demonstrated irreparable harm, and that the balance of harms weighed in Defendants' favor. The case was then transferred to this Court.

Plaintiff has filed a motion to reconsider Judge Baker's denial of the motions for a preliminary injunction. Plaintiff is correct that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." <u>Elrod v. Burns</u>, 427 U.S.

2

347, 373 (1976). However, Plaintiff's motions do not demonstrate that his First Amendment claims have any likelihood of success. The attachments to the motions show that Plaintiff's request to participate in the Passover feast was granted. He was provided unleavened bread and a vegan meal. He asserts that this was not Kosher, but he does not explain why. Another attachment shows that Plaintiff's request to participate in the Pentecost Feast was denied because it was submitted too late, not because of a desire to prevent Plaintiff from exercising his religion. The other attached grievance only demonstrates that the prison refuses to stock more Kosher products in the commissary, not that Plaintiff is being denied a Kosher diet. In short, Plaintiff has not yet demonstrated that he actually has a viable First Amendment claim. "'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, 549 F.3d 1079, 1085 (7th Cir. 2008)(quoted cites omitted). Plaintiff must do more than state a claim under notice pleading standards to obtain preliminary

3

injunctive relief.

Plaintiff also moves to reconsider Judge Baker's denial of Plaintiff's motion for sanctions against Defendant Twaddell. Plaintiff asserts that Twaddell has been evasive and untruthful in responding to Judge Baker's order directing Twaddell to provide supplemental discovery responses. Plaintiff also contends that Twaddell is holding back information. However, this Court agrees with Judge Baker that sanctions are not warranted. Defendant Twaddell's responses appear to be responsive, though Plaintiff may not agree with them.

Plaintiff also seeks service of subpoenas duces tecum, apparently to obtain copies of grievances filed against Defendant Twaddell by other inmates alleging similar violations. However, in forma pauperis status does not authorize this Court to pay for service of subpoenas for indigent parties. If Plaintiff wants to serve a subpoena, he must arrange for service of the subpoena under Fed. R. Civ. P. 45. Further, the subpoena would be subject to a motion to quash as too burdensome, given the marginal relevance other inmates' grievances. Defendant

Twaddell has already asserted that there are no such grievances in his personnel file. Finding other grievances against Twaddell would require a search of every inmate's master file. And, a grievance is only evidence that an inmate complained, not that the complaint had merit, much less that the complaint has any relevance to Plaintiff's claim. This motion will therefore be denied.

Plaintiff has also filed a motion to amend his complaint to add two new defendants: Sara Johnson and Michael Randle, who both denied Plaintiff's grievances at the Administrative Review Board level. Leave of this Court is required for Plaintiff to file his amended complaint. See Fed. R. Civ. P. 15(a). Leave should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), but "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

Plaintiff does not explain his delay in adding these new defendants.

Discovery began last April and is set to close next month.  It is clear from the grievances attached to the motion to amend that Plaintiff was given notice of the denial of his grievances by Sara Johnson and Michael Randle in March, 2010, and in July, 2011.

Further, adding these new defendants would be futile because Plaintiff cannot state a claim against them.  Neither can be held liable for Defendant Twaddell's constitutional violations simply because they denied Plaintiff's grievances or because they were in charge.  See <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983);  <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); <u>Johnson v. Snyder</u>, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement).  The motion to amend the complaint to add new defendants will therefore be denied.

Plaintiff has also filed a motion to supplement his complaint with

allegations that Defendants have retaliated against him for this lawsuit by refusing to allow him to participate in Yom Kippur and other holy days. Defendants have not responded, so this motion will be allowed without further discussion.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to reconsider the denial of his motions for preliminary injunction is denied (d/e 28).

2. Plaintiff's motion to reconsider the denial of his motion for sanctions is denied (d/e 29).

3. Plaintiff's motion for service of subpoenas is denied (d/e 30).

4. Plaintiff's motion to file an amended complaint is denied (d/e 32).

5. Plaintiff's motion to file a supplemental pleading is granted (d/e 38).

6. Plaintiff's motion for an order directing that his deposition be taken in the attorney visiting room, rather than in the "disciplinary visiting area," is denied (d/e 41). Deposition arrangements are up to the prison.

7. Plaintiff's motion for leave to file his motion to compel regarding his interrogatories to Defendant Twaddell is granted (d/e 27). The clerk is directed to docket the motion to compel attached to d/e 27. Defendants shall have until November 4, 2011, to file a response. The Court will rule on all of the pending motions to compel in a separate order.

8. Plaintiff's motion to extend the discovery deadline to October 30, 2011, is denied as unnecessary (d/e 37). Discovery is not set to close until November 30, 2011.

ENTERED: October 17, 2011

FOR THE COURT:

                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE