**E-FILED**
Friday, 18 November, 2011 04:01:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CLARENCE BERNARD WILLIAMSON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 10-CV-3325 |
| WILLIAM TWADDELL and RICHARD YOUNG, | ) ) ) ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently incarcerated in Western Illinois Correctional Center, pursues claims arising from the alleged denial of his right to change and practice his religion. The case is currently in the process of discovery, with discovery set to close on November 30, 2011.

Before the Court are four motions to compel by Plaintiff, addressed in turn below.

1

I. Motion to Compel Defendant Young's Responses to Interrogatories (d/e 33)[1]

A. Interrogatory 1: "Identify any and all documents relating to the policies and procedures concerning the WARDEN OF PROGRAMS resolving issues on an institutional level concerning the chaplain's office."[2]

The Court agrees with Defendants that this request is overly broad and vague. The Court is uncertain what information Plaintiff seeks. Further, the Court finds Defendants' production of the position description for the Assistant Warden and Defendants' cite to 20 Ill.Admin.Code § 425 to be responsive.

B. Interrogatory 2: "Identify any and all documents relating to the correspondence received by the plaintiff religious issues, along with Richard Young's standing on the issues presented to him."

Young responded that he has forwarded any such documents to Defendant Twaddell and no longer has possession of them. The Court finds this answer responsive. Plaintiff appears to suspect that Young is concealing relevant documents, but there is no evidence to support that

---

[1]Defendant Young is the Assistant Warden of Programs.

[2]Plaintiff's requests are set forth verbatim without correction for grammatical and spelling errors.

speculation.

 C. Interrogatory 3: "Identify any and all documents that authorized the chaplain to possess offenders visiting list, access to offenders master files for copies, access and authority to deny request for change of religion."

 Young responded that the Chaplain's job duties give him the authority to deny a religious change request and the authority to access an inmate's master file, which contains an inmate's visiting list. This answer is responsive.

 D. Interrogatory 5: "Identify any and all documents related to any complaint, grievance, criticism, censure, reprimand and rebuke directed toward the defendant William Twaddell concerning his position as chaplain at Western Ill. Corr. Ctr."

 Young responded that Twaddell's personnel file does not contain any documentation of complaints by inmates regarding the denial of religious accommodation. To the extent that Plaintiff seeks other information, the Court agrees with Young that this request is overly broad, unduly burdensome, and seeks irrelevant information. Evidence of disciplinary action against Twaddell regarding incidents unrelated to Plaintiff's claim would not be relevant to show that Twaddell violated

3

Plaintiff's religious rights. Nor would such evidence be reasonably calculated to lead to relevant, admissible evidence. Twaddell's general character and competence is not on trial. See Fed. R. Evid. 404(a)("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . ."); Fed. R. Evid. 404(b)("Evidence of other . . . wrongs . . . is not admissible to prove the character of a person in order to show action in conformity therewith."). Similarly, to the extent Plaintiff seeks complaints by other inmates against Twaddell, the Court agrees with Judge Baker's order denying this request. Finding these other grievances would require a review of the master files of thousands of inmates, a burden which substantially outweighs any imagined marginal probative value. The fact that another inmate filed a grievance against Twaddell would show only that he filed a grievance, not that the grievance had any merit or that the grievance had anything to do with this case. Plaintiff's request amounts to a fishing expedition.

II.     Motion to Compel Young to Produce Documents (d/e 40)

A. Request 1: "Any and all grievances and complaints recorded by the Warden of Programs at the Western Illinois Correctional Center, concerning issues related to the chaplain's office at W.I.C.C., particularly William Twaddell."

For the reasons set forth above, the Court agrees with Young that this information is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to relevant, admissible evidence.

B. Request 2: "Any and all policies, procedures, . . . in regards to the description of the WARDEN OF PROGRAMS; particularly the position over-seeing the chaplain's office, grievance office and any related department related to such."

Young produced the position description for the Assistant Warden of Programs, which the Court finds responsive. Plaintiff doubts that the document produced is the most recent version and believes more responsive documents exist, but this assertion is speculation.

C. Request 3: "Any notes, documents, letters, memorandas, files, records, record books, logs, of inmates . . . having issues with the chaplain's office; specifically the forwarding of plaintiff's documents to the chaplain's office after receiving grievances concerning such, etc."

For the reasons set forth above, the Court agrees with Defendants that this request is unduly broad and burdensome, irrelevant, and not reasonably calculated to lead to relevant, admissible evidence.

D. Request 4: "Any and all records related to the policies, rules, regulations defining the relationship between the Warden of Programs Office and the Chaplain's department; particularly concerning with accommodating religious identification, religious items, materials and dietary tenets.  In addition, to accommodation with special religious feasts and programs held at the institution (W.I.C.C.).

Young referred Plaintiff to the position description for the Assistant Warden of Programs, which the Court finds responsive.

E. Request 5: "Any and all notes, documents . . . regarding the existing issue between, Mark HOwardsand William Twaddell; issue over the baptism, identification and dietary tenets accommodated."

Plaintiff doubts Young's response that Young has forwarded these documents, but his doubts are speculation.  Young's answer is responsive.

F. Request 6: "Any and all notes, documents, files, accounts of funds used by the Chaplain's office, or donated materials from religious organizations with any relation to approval or participation from the Warden of Programs office, or even clinical services."

The Court agrees with Young that this request is confusing.  However, from Plaintiff's motion the Court gleans that he appears to be seeking information on expenditures by Western on assisting inmates to practice their various religions at the prison.  Plaintiff's motion argues

6

that "Muslim clergy should be compensated in the same manner as other clergy, and prison funds allocated for religious purposes should be distributed proportionately to all groups." (d/e 40, p. 5).

The information sought seems far afield from Plaintiff's claim that he is not permitted to practice his religion. However, disparities in the funding of religion might be reasonably calculated to lead to relevant evidence on Plaintiff's equal protection claim that his religion is treated less favorably than other religions. The Court will direct a response to this request.

 G. Request 8: "Any and all documents . . . from any religious Advisory Boards, Administrative Review Board, Director of I.D.O.C. Deputy Director, Office of Inmate Affairs, concerning the procedures in arbitrating issues on an institutional level resolving issues; particularly with the chaplain's office."

Young responded that chaplain issues are grievable just like any other prison condition. The Court finds this answer responsive.

III. Plaintiff's motion to compel Defendant Twaddell's Responses to Interrogatories (d/e 46)

 A. Interrogatory 2: "The plaintiff ask of the defendant W.Twaddell; why the referenced documents exhibited #One through seven weren't produced upon the filing of request for documents."

The Court does not understand Plaintiff's objection or this interrogatory. If Plaintiff already has the requested documents, there is nothing to compel.

B. Interrogatory 3: "Identify any and all persons who advised and counseled defendant W. Twaddell concerning identifying the plaintiff as "Messianic" and accommodating his dietary tenets of Kosher meals;"

Twaddell answered "none," which Plaintiff asserts contradicts documentary evidence. Twaddell's answer is still responsive, even if the answer is contradictory. Plaintiff may point out this contradiction at the summary judgment stage.

C. Interrogatory 4: "Identify the document exhibited number nine, clearly stamped received by the chaplain's office and returned. . . . how is it that the defendant found reason or precedence to return the exhibited document numbered # nine, but refused to return the case law (Koger v. Bryan)?"

Twaddell asserts that he is not familiar with the documents identified and that he was unaware he needed to return the case law to Plaintiff. The Court finds this answer responsive.

D. Interrogatory 5: "Identify the official and process in which the defendant Twaddell obtained personal records of the plaintiff's visiting list outside the scope of the Chaplain's office?"

Twaddell answered that the visitor list is not sensitive information and can be accessed by IDOC employees. This answer is responsive, though Plaintiff may dispute its truth.

 E. Interrogatory 6: "Identify any and all documents, persons, etc., that provoked the defendant Twaddell to state in his Memorandum . . . that 'Mr. Vacca has yet to meet Offender Howard in person or speak with him face to face and yet <u>demands</u> access to this Level 2 facility . . . I find this <u>suspicious</u> and <u>unusual</u> . . . .'"

 The Court agrees with Twaddell that Twaddell's memo speaks for itself. Plaintiff's disagreement with Twaddell's position is not grounds for compelling a different answer.

 F. Interrogatory 7: "Identify any and all related documents to exhibit numbered #ten, identifying specifically what authority, law, administrative code, reason, etc; on why the defendant Twaddell refused to accommodate the plaintiff's dietary request? Particularly how it is that the . . . document (#ten) states that the defendant Twaddell will be identifying the plaintiff as 'Messianic' and accommodating his dietary request but demonstrated and denied the total opposite as of date?"

 This interrogatory is an argument, not a request. The document referred to speaks for itself. The time for arguing inferences from the evidence is at summary judgment or trial.

9

G. Interrogatory 8: "Identify any and all documents related to any complaint, grievance, criticism, censure, reprimand or rebuke directed toward defendant Twaddell concerning his tenure as chaplain at the Western Illinois Correctional Center?"

For the reasons set forth above, this request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to relevant, admissible evidence.

H. Interrogatory 9: "Identify any and all documents related to the particular doctrine the defendant Twaddell had been ordained, taught and teaches on a regular at the W.I.C.C; for instance; if the defendant Twaddell believes children are born innocent, contrary to believing everyone is born into sin from Adam?

Twaddell objects that this question is irrelevant. However, Twaddell's religion might be relevant to Twaddell's motivation and state of mind. Twaddell will be directed to reveal his religion and the religious classes or groups he leads or participates in at the prison.

IV. Plaintiff's motion to compel admissions (d/e 49)

The Court has reviewed Defendant Twaddell's responses to the requests to admit and finds those responses to be sufficient. Plaintiff clearly disagrees with the truth of those responses, but the Court does not determine the truth of the admissions at this stage. If Plaintiff has

evidence or argument suggesting that Twaddell's responses are untrue, he may present that evidence and argument at the summary judgment stage.

IT IS THEREFORE ORDERED THAT:

1) Plaintiff's motions to compel are denied (d/e's 33, 40, 46, 49) EXCEPT FOR the following:

    a) Defendants are directed to provide Plaintiff with a list showing, for the years 2009-2011, the expenditure of funds by Western Illinois Correctional Center or the Chaplain's Office at Western to assist inmates in the practice of their various religions (for example, amounts to pay religious leaders, conduct religious classes, provide religious texts and materials, and provide for religious diets, feasts, celebrations, and the like). The list shall show the amount expended, the purpose of the expenditure, and the name of the religion or religions for which the expenditure was made. If no such expenditures were made, or compiling that list is overly burdensome, Defendants shall file an affidavit to that effect.

b) Defendant Twaddell is directed to disclose the name of his religion to Plaintiff and the name of the religious classes or groups Twaddell leads or participates in at Western Illinois Correctional Center.

2) Defendants shall provide to Plaintiff the information directed in paragraph (1) above by December 5, 2011.

3) Plaintiff has filed a "Motion Demonstrating Defendants Adverse Actions and Retaliation Claims".  The motion is denied (d/e 57) to the extent Plaintiff seeks to add new claims to this case or asks for an order prohibiting alleged retaliation.  Discovery in this case closes at the end of this month.  Adding new claims or requests for relief now would require that discovery be reopened, unduly delaying the case and prejudicing the existing defendants.

ENTERED: November 18, 2011

FOR THE COURT:

                            s/Sue E. Myerscough
                            SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE