UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CLARENCE BERNARD WILLIAMSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 10-CV-3325 |
| WILLIAM TWADDELL and RICHARD YOUNG, | ) ) ) ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently incarcerated in Western Illinois Correctional Center, pursues claims arising from the alleged denial of his right to change and practice his religion. He also claims that his religion is treated less favorably than other religions.

Discovery has closed and a summary judgment motion is pending, but motions to compel and several other motions are also pending. This order will rule on all pending motions except for Defendants' summary

1

judgment motion. Plaintiff will be given an opportunity to file a supplemental response to the summary judgment motion.

IT IS ORDERED THAT:

1) Plaintiff's motions to certify documents under Federal Rule of Evidence 902(4) is denied as premature (d/e 62). The Court will decide any disputes over the authenticity of documents at the final pretrial conference, if this case survives summary judgment.

2) Plaintiff's motion to compel Defendant Twaddell to answer Plaintiff's second set of interrogatories is granted (d/e 63). While Fed. R. Civ. P. 33(a) does limit interrogatories to 25 in number, Plaintiff's incarceration necessarily restricts him to written discovery. Accordingly, this Court's practice is to allow an incarcerated Plaintiff to serve more than 25 interrogatories, provided that the number of interrogatories is not unduly burdensome and within reason. By March 30, 2012, Defendant Twaddell is directed to answer Plaintiff's second set of interrogatories, to the extent he has not already done so. The Court notes that Defendants have already responded to sixteen of those

interrogatories. This paragraph does not apply to those sixteen interrogatories, which are addressed in paragraph nine below.

3) Plaintiff's motion to compel Defendants to correctly respond to Plaintiff's first request for admissions is denied because the requests and responses are not in the record (d/e 64). They are not attached to Plaintiff's motion or to Defendant Twaddell's response. Therefore, the Court is unable to determine the sufficiency of the responses.

4) Plaintiff's motion to compel Defendant Young to answer Plaintiff's second set of interrogatories is denied (d/e 66). The Court has reviewed Defendant Young's responses and finds nothing objectionable about them, though Plaintiff may believe Defendant Young is being evasive.

5) Plaintiff's motion to compel Defendants to respond to Plaintiff's supplemental requests for admissions is denied (d/e 67). The Court has reviewed the responses and finds them sufficient. The dispute about relevancy need not be decided because Defendants fully responded to the requests after making their objection to relevance. The Court will

resolve any disputes over the authenticity of documents at the final pretrial conference, if this case survives summary judgment.

6) Plaintiff's motion to compel Defendant Twaddell to produce documents and give a supplemental interrogatory response is denied (d/e 71). The Court has reviewed the supplemental responses and Defendant Twaddell's affidavit and finds them compliant with the Court's order of November 18, 2011.

7) Plaintiff's motion for "showing of good cause" is denied as unnecessary (d/e 75). The Court is not denying Plaintiff's motions to compel on the grounds of timeliness.

8) Plaintiff's motion for an extension to respond to the pending summary judgment motion is granted (d/e 77). Plaintiff has already filed a response, but he may wish to supplement that response to the extent Defendants produce additional information in compliance with this order. Plaintiff's deadline for filing a supplemental response to the summary judgment motion is June 18, 2012.

9) Plaintiff's second motion to compel Defendant Twaddell's

answers to Plaintiff's second set of interrogatories is denied (d/e 83) except for interrogatory six, which appears to ask why a Jewish inmate was allowed to participate in Yom Kippur despite not making a request, whereas Plaintiff was not allowed to participate in Yom Kippur, even though he did make a request. The information might be relevant to Plaintiff's equal protection claim. Defendant Twaddell is directed to provide a supplemental response to interrogatory six by March 30, 2012. The Court has reviewed Defendant Twaddell's other responses and finds them sufficient.

10) Plaintiff's "motion to docket the plaintiff's response to summary judgment via first class mail" (d/e 89) is denied because the Court is unsure what relief Plaintiff seeks. Plaintiff seems to assert that his response sent electronically does not match his response sent by mail. The Court will look at both responses when ruling on the summary judgment motion. If Plaintiff wishes to strike his electronically filed response and have the Court scan the mailed response into the docket, he should file a motion by April 16, 2012.

11) Plaintiff's motion for an extension to file a response to the summary judgment motion is denied as moot (d/e 90). Plaintiff's supplemental response is due June 18, 2012.

ENTERED: March 15, 2012

FOR THE COURT:

                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE